IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ETERNIX LTD.,

                            Plaintiff,

  v.

CIVILGEO, INC. and CHRIS MAEDER,

                          Defendants.

OPINION and ORDER

23-cv-633-jdp

---

Plaintiff Eternix Ltd., a software company, alleges that defendant CivilGEO, Inc. and its founder, defendant Chris Maeder, stripped the source code from an evaluation copy of Eternix's software and incorporated it into CivilGEO's own software. Eternix brings claims for copyright infringement, misappropriation of trade secrets, breach of contract, breach of the covenant of good faith and fair dealing, conversion, and unjust enrichment.

Defendants move to dismiss Eternix's amended complaint, Dkt. 13, contending that Eternix's claims are precluded by the statute of limitations, preempted by federal law, inadequately pleaded, or improperly duplicative of other claims. Eternix agreed to voluntarily dismiss the conversion claim, so the court will grant defendants' motion for that claim. But the court will deny defendants' motion in all other respects for the reasons explained below.

ALLEGATIONS OF FACT

The court draws the following factual allegations from Eternix's amended complaint, Dkt. 13, and presumes them to be true for the purpose of resolving the motion to dismiss.

Plaintiff Eternix Ltd. is a software company. Eternix developed a mapping software called "Blaze Terra," which allows users to visualize Geographic Information System (GIS) data

in a real-time, 3D environment. Defendant CivilGEO, Inc. is a Wisconsin-based software engineering company founded by defendant Chris Maeder.

In 2011, defendants approached Eternix about acquiring a license to use Blaze Terra, and Eternix provided them with an evaluation copy. To install the evaluation copy, defendants accepted Eternix's software license agreement, which prohibited any use, copying, or redistribution of the software for any purpose other than evaluating the product. It also prohibited decompiling, reverse engineering, disassembling, or otherwise reducing the software to a human-perceivable form. Eternix and defendants communicated intermittently about the software until February 2014, when Maeder informed Eternix that CivilGEO had decided to purchase a different product.

In March 2022, Eternix received an email from a former CivilGEO employee, telling Eternix that defendants had improperly obtained Eternix's Blaze Terra source code and was using it in their products. Eternix contacted defendants, who denied these allegations. Eternix reviewed descriptions, images, and videos of CivilGEO's products and noticed similarities between the Blaze Terra product and CivilGEO's GeoHECRAS and GeoHECHMS products:

- Both products have compass features that allow users to zoom and move around the map. In both products, the distance in pixels from the edge of the screen to the compass is the same and the compasses display identical "wobbling" animations when moved.

- Both products use the same Red-Green-Blue (RGB) color scheme to export images, and the animation that appears within the software when a user exports an image is the same in both products.

- Both products have a magnifying glass feature. The visualization of the magnifying glass has the same slight image distortions at the edge of the glass.

- Both products have the same discontinuities in the thickness and sharpness of rendered vector data.

- Both products use the same technique for visualizing point cloud data, which causes a change in the density of the points when the user tilts the map.

- Both products display 3D objects such as buildings using distinctive projections.

- Both products allow users to visualize elevation data as 3D surfaces. When a user pans from a landscape with elevation data to one without elevation data, the software uses a visualization technique to connect the visualized surfaces. That visualization technique appears the same in both products.

- Both products display the same automatically generated wall textures on 3D models of buildings.

Dkt. 13, ¶¶ 45–53. From these similarities, Eternix infers that defendants have incorporated Blaze Terra's source code into its own products. Defendants have generated millions of dollars in revenue selling those products to customers.

ANALYSIS

Eternix's claims fall into three categories: copyright infringement, misappropriation of trade secrets, and state common-law claims. Defendants move to dismiss all of Eternix's claims. Eternix agreed in its response to voluntarily dismiss its state-law conversion claim, so the court will grant defendants' motion for that claim. For the other claims, the court will first address defendants' contention that the claims are barred by the applicable statute of limitations. The court will then discuss each of the other claims by category.

A. Statute of limitations

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to comply with the statute of limitations is rare. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). The statute of limitations is an affirmative defense, so a plaintiff does not have to plead compliance with it. *Id.* Dismissal is warranted only if a plaintiff pleads itself out

3

of court, or in other words, if the complaint "plainly reveal[s] that [the] action is untimely under the governing statute of limitations." *Id.* at 614 (second alteration in original).

Eternix's copyright and trade secrets claims are subject to a three-year statute of limitations. 17 U.S.C. § 507(b) (copyright); Wis. Stat. § 893.51(2) (trade secrets under state law); 18 U.S.C. § 1836(d) (trade secrets under federal law). The limitations period begins not when the violation occurred, but when it was discovered or reasonably should have been discovered. *See Chicago Bldg. Design*, 770 F.3d at 614–15 (discovery rule for copyright cases in the Seventh Circuit); Wis. Stat. § 893.51(2) (discovery rule for trade secrets misappropriation under state law); 18 U.S.C. § 1836(d) (same under federal law).

Eternix has not pled itself out of court on statute of limitations grounds for its copyright and trade secrets claims. Eternix alleges that it discovered defendants' use of its source code in 2022, putting its complaint well within the three-year limitations period. Nevertheless, defendants contend that Eternix's claims are barred because Eternix fails to allege any steps it took between 2014 and 2022 to protect its software from unauthorized use, such as asking defendants to return the evaluation copy or reviewing CivilGEO's products for possible infringement or misappropriation. Defendants argue that without such allegations, the court must conclude that Eternix should have discovered the unauthorized use of its software earlier.

Defendants' argument misconstrues the pleading standard. Eternix does not have to plead compliance with the statute of limitations; it only has to avoid affirmatively pleading lack of compliance with it. Eternix has more than met that bar by alleging that it discovered defendants' use of its software in 2022. The court is not persuaded by the case law defendants cite. Defendants cite *Yamashita v. Scholastic Inc.*, 936 F.3d 98 (2d Cir. 2019), for the proposition that a copyright claim should be dismissed if plaintiff doesn't allege specific infringing acts

4

within the last three years. But the court in *Yamashita* dismissed the complaint because the plaintiff failed to adequately plead infringement, not because of the statute of limitations. *Id.* at 105. And *Yamashita* wouldn't be applicable even if it were about the statute of limitations because the Seventh Circuit starts the limitations period when infringement was discovered, not when it occurred. *See Chicago Bldg. Design*, 770 F.3d at 614–15. Defendants also analogize to *Joyce v. Pepsico, Inc.*, 2012 WI App 52, 340 Wis. 2d 740, 813 N.W.2d 247, in which the Wisconsin Court of Appeals dismissed a trade secrets claim for the plaintiffs' failure to exercise reasonable diligence in investigating possible misappropriation. *Id.* ¶¶ 20–21. But a non-precedential state court of appeals decision has no bearing on the pleading standard in federal court, which does not require Eternix to affirmatively allege anything it did to discover possible misappropriation of its trade secrets.

Eternix's state common law claims are all based in contract, so they have a six-year statute of limitations. Wis. Stat. § 893.43(1); *Smith v. RecordQuest, LLC*, 989 F.3d 513, 522 (7th Cir. 2021) (unjust enrichment is a quasi-contract claim and has the same statute of limitations as contract claims). The limitations period begins when the underlying contract was breached, not when the breach was discovered. *CLL Assoc. Ltd. P'ship v. Arrowhead Pac. Corp*, 174 Wis. 2d 604, 607 (1993). Wisconsin applies a continuing violation rule for contract claims; that is, a new claim accrues for each separate breach. *Segall v. Hurwitz*, 114 Wis. 2d 471, 491 339 N.W.2d 333 (Ct. App. 1983).

It would be premature to conclude that any of the state-law claims are barred by the statute of limitations. The conduct underlying each of Eternix's state-law claims is defendants' alleged violation of Eternix's license agreement. Eternix's amended complaint doesn't allege when the defendants first violated the license agreement, so the court cannot conclude from

5

the complaint that it was more than six years ago. And Eternix alleges that defendants continue to use Eternix's software in violation of the license agreement, so at least some of the alleged conduct falls within the limitations period.

**B.  Copyright**

The parties agree that Eternix can pursue a claim for copyright infringement, even though Eternix's copyright in its Blaze Terra software is not registered. 17 U.S.C. § 411(a) authorizes owners of unregistered foreign copyrights to bring civil suits for infringement, and Blaze Terra is a foreign copyright because Eternix is an Israeli company. But Defendants ask the court to "strike" Eternix's request for statutory damages and attorney fees because its copyright in its Blaze Terra software is unregistered. Defendants state in their reply brief that the authority for their request is Rule 12(b)(6). Dkt. 23, at 14. But Rule 12(b)(6) allows for dismissal of claims, not certain classes of damages within a claim. *See Goodall Oil Co. v. Pilot Corp.*, No. 19-cv-428-jdp, 2019 WL 5218870, at *4 (W.D. Wis. Oct. 16, 2019). Federal pleading standards don't even require Eternix to specify the specific relief to which it is entitled. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002); *see also* Fed. R. Civ. P. 54(c). The court will deny defendants' motion and leave the question of damages for another day.

**C.  Trade secrets**

Eternix asserts claims for misappropriation of trade secrets under Wisconsin's Uniform Trade Secrets Act (UTSA), Wis. Stat. § 134.90, and the federal Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836. The parties do not distinguish between state and federal law, and this court has recognized that the UTSA and DTSA are functionally equivalent. *See Kuryakyn Holdings v. Ciro*, 242 F. Supp. 3d 789, 797 (W.D. Wis. 2017). So the court's analysis will use Wisconsin's UTSA, but the analysis would apply as well to the DTSA.

A trade secrets claim under the UTSA has two elements: (1) the information at issue is a trade secret, and (2) the defendants misappropriated the trade secret. *Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853-54, 434 N.W.2d 773, 778 (1989). Defendants contend that Eternix failed to plead the first element, because it did not adequately identify the alleged trade secrets within its software. At the pleading stage, a party asserting a trade secret does not have to spell out the details of the trade secrets; it only has to allege sufficient facts to put the other party and the court on notice of what secrets were allegedly misappropriated. *Cmty. Hosp. Partners, LLC v. Marshfield Clinic Health Sys., Inc.*, No. 22-cv-23-jdp, 2023 WL 2424788 (W.D. Wis. Mar. 9, 2023); *see also ECT Int'l, Inc. v. Zwerlein*, 228 Wis. 2d 343, 597 N.W.2d 479 (Ct. App. 1999). In cases involving software, identifying the software as the trade secret is sufficient to provide notice. *Servicios Technologicos de Guatemala, S.A. v. WOCCU Servs. Grp., Inc.*, No. 13-cv-601-wmc, 2014 WL 3845854, at *3 (W.D. Wis. Aug. 5, 2014).

Eternix's amended complaint provides sufficient notice of its alleged trade secrets. In addition to identifying the software, Eternix identifies some of the alleged trade secrets within it: "algorithms, modules, and techniques that enable the performance and features of Blaze Terra such as described above." Dkt. 13, ¶ 65. These features include the software's ability "to render large data sets (including raster, vector, and DEM data) in real time" by trading off resolution in "some areas of the geospatial scene over others." Dkt. 13, ¶ 43. Eternix also identifies numerous visual markers of its trade secrets within its software that are replicated in defendants' software. Dkt. 13, ¶¶ 45–54. These allegations provide ample notice of the alleged trade secrets at the pleading stage. If defendants need additional detail, they can seek it in discovery. *BondPro Corp. v. Seimens Westinghouse Power Corp.,* 320 F. Supp. 2d 804, 807 (W.D. Wis. 2004).

7

**D. State common-law claims**

Eternix asserts state-law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Defendants contend that Eternix's claims are preempted by the Copyright Act, that Eternix failed to adequately plead breach of contract, and that its good faith and fair dealing and unjust enrichment claims are impermissibly duplicative of other claims.

**1. Preemption by the Copyright Act**

The Copyright Act preempts state law claims that are equivalent to copyright infringement claims. 17 U.S.C. § 301(a). A claim is preempted if (1) the work at issue come under the subject of copyright, and (2) the right under state law is equivalent to the general copyright protections set out in § 106 of the Copyright Act. *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 909 (7th Cir. 2005). The parties agree that Eternix's software comes under the subject of copyright, so the preemption issue turns on whether the rights protected by state law are equivalent to those protected by copyright. A state law right is equivalent if it is violated by the "mere act of reproduction or distribution or the preparation of a derivative work, or if it requires additional elements, but those elements do not differ in kind from those necessary for copyright infringement." *Through the Door Inc. v. J.C. Penney Co.*, No. 06-C-540-S, 2007 WL 2265781, at *2 (W.D. Wis. Mar. 28, 2007) (citing *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986)).

The parties dispute whether the Seventh Circuit's decision in *ProCD, Inc. v. Zeidenberg* forecloses preemption for Eternix's breach of contract and breach of the covenant of good faith and fair dealing claims. 86 F.3d 1447, 1454 (7th Cir. 1996). In *ProCD*, the court held that breach of contract claims are not preempted by the Copyright Act because contracts bind only

8

individual parties, whereas copyright is a global right against unauthorized use by anyone. *Id.* Eternix argues that *ProCD* establishes a bright-line rule against preemption of breach of contract claims. Defendants disagree, relying on *Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 958 (N.D. Ill. 2002), which interpreted *ProCD* to hold only that contract claims are generally not preempted, but that they may be if the breach of contract consists only of unauthorized copying or the exercise of other rights of authorship protected under the Copyright Act. *Id.* at 958.

The court need not determine whether *ProCD* establishes a bright-line rule against preemption of breach of contract and breach of the covenant of good faith and fair dealing claims, because these claims would not be preempted even under defendants' interpretation. Eternix alleges that its licensing agreement prohibited all use of the Blaze Terra software for purposes other than evaluation, and that defendants breached that agreement in numerous ways, including by using the software for non-evaluation purposes and by decompiling the source code. These allegations of how defendants breached the licensing agreement go beyond simple copyright infringement.

The same is true for Eternix's unjust enrichment claim. Unjust enrichment in Wisconsin requires (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of the benefit, and (3) acceptance and retention of the benefit by the defendant, under circumstances such that it would be inequitable to retain the benefit without payment. *Edgenet, Inc. v. GS1 AISBL*, 742 F. Supp. 2d 997, 1032 (E.D. Wis. 2010) (quoting *Seegers v. Sprague*, 70 Wis.2d 997, 1004, 236 N.W.2d 227, 230 (1975)). Most courts have held that unjust enrichment claims are preempted if the benefit conferred is simply the unauthorized copying and distribution of plaintiff's copyrighted work. *Edgenet*, 742 F. Supp. 2d at 1032;

*Through the Door Inc. v. J.C. Penney Co.*, No. 06-C-540-S, 2007 WL 2265781 (W.D. Wis. Mar. 28, 2007) *see also* 1 Nimmer on Copyright § 1.15[G] (2024). But Eternix alleges that defendants benefited from actions other than unauthorized copying and distribution, including using the Blaze Terra software for non-evaluation purposes and decompiling Eternix's source code. Eternix's unjust enrichment claim is not preempted.

2. **Pleading breach of contract**

Eternix's breach of contract claim has three elements: (1) a contract; (2) breach of that contract; and (3) damages. *Brew City Redevelopment Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 714 N.W.2d 582. Defendants contend that Eternix failed to adequately plead the first and third elements.

As for the first element, defendants contend that Eternix did not adequately plead a contract because it didn't attach a copy of the contract to its amended complaint. Federal pleading standards do not require a plaintiff to attach a copy of the contract; a plaintiff only has to plead sufficient facts to make the existence of a contract plausible. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1235 (2024); *see also Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001). Defendants cite no federal case to the contrary; instead, they cite *Schell v. Knickelbein*, 77 Wis. 2d 344, 349, 252, N.W.2d 921 (1977), for the proposition that Wisconsin law requires plaintiffs to attach the contract. Wisconsin pleading standards do not govern in federal court. And even if they did, *Schell* does not support defendants' position: it holds that a plaintiff has to attach the contract *or* allege enough of the substance of the agreement to show that it covered the conduct at issue. *Id.*

Eternix has pleaded facts from which the court could infer the existence of a contract: it alleges that Maeder, acting on behalf of CivilGEO, accepted Eternix's license agreement to

10

access the evaluation copy of the Blaze Terra software, and that the license agreement prohibited all uses of the software for purposes other than evaluation. Dkt. 13, ¶¶ 23–27. That is enough to survive a motion to dismiss.

As for the third element, defendants contend that Eternix does not allege any damages it suffered from defendants' breach of the licensing agreement; instead Eternix only alleges that defendants benefited from the breach. Eternix does allege that it suffered damages. Dkt. 13, ¶ 79. It doesn't explain what those damages are, but the court can reasonably infer what they are from the other allegations in the amended complaint. For example, Eternix alleges that defendants used the evaluation copy of the Blaze Terra software for non-evaluation purposes, which supports an inference that Eternix lost revenue because defendants did not pay Eternix for a full license to use Blaze Terra.

### 3. Duplicative claims

Defendants move to dismiss the breach of the covenant of good faith and fair dealing claim and the unjust enrichment claim on the ground that they are improperly duplicative of other claims.

For the breach of the covenant of good faith and fair dealing claim, defendants contend that dismissal is appropriate because Eternix relies on the same set of facts for this claim and its breach of contract claim. A breach of the implied covenant of good faith that duplicates a breach of contract claim is not separately actionable under Wisconsin law. *See Willert v. Andre*, No. 17-cv-496, 2018 WL 3637951, at *9 (W.D. Wis. July 30, 2018); *Middleton-Cross Plains Area Sch. Dist. v. FieldTurf USA, Inc.*, No. 16-cv-278, 2016 WL 6459831, at *2 (W.D. Wis. Oct. 31, 2016). But Eternix's covenant of good faith and fair dealing claim is not a duplicate of its breach of contract claim, but an alternative theory. Eternix alleges that, to the extent that

11

its license agreement did not expressly forbid defendants from using the evaluation copy of its Blaze Terra software for other purposes and incorporating the source code from it into other software, those actions nevertheless violated the spirit of the license agreement. Rule 8(d) allows pleading in the alternative, so Eternix may proceed with that claim.

The same logic applies to the unjust enrichment claim. Defendants contend that the unjust enrichment claim is merely a repackaging of Eternix's trade secrets claim, and Eternix cannot claim a remedy in equity (unjust enrichment) when it already has a statutory remedy under the UTSA. *See Townsend v. ChartSwap, LLC*, 2021 WI 86, ¶ 4, n.5, 399 Wis. 2d 599, 967 N.W.2d 21; *Smith v. RecordQuest,* LLC, 989 F.3d 513, 520 (7th Cir. 2021). But Eternix's unjust enrichment claim is not a repackaging of its trade secrets claim; it is an alternative claim to address benefits defendants received from any portion of Eternix's software that does *not* meet the requirements of a trade secret. The court will not dismiss Eternix's unjust enrichment claim as duplicative.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss plaintiff Eternix Ltd.'s amended complaint, Dkt. 17, is GRANTED for plaintiff's conversion claim. Defendants' motion to dismiss is DENIED in all other respects.

2. Plaintiff's conversion claim is DISMISSED with prejudice.

Entered June 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge